**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(FORT LAUDERDALE)**

**CASE NO.: 0:24-cv-60979**

BRABUS GmbH,

     Plaintiff,

vs.

ELITE MOTOR CARS OF MIAMI, LLC
(d/b/a AE OF MIAMI), a Florida Limited
Liability Company,  EMC OF MIAMI, CORP
(d/b/a LIMITED SPEC AUTOMOTIVE), a Florida Corporation,
WHEELS BOUTIQUE, INC., a Florida Corporation, and
DREAM AUTO COLLECTION INC, a Florida Corporation

     Defendants.

_____/

## COMPLAINT

    Plaintiff, BRABUS GmbH, ("Plaintiff" or "Brabus"), by and through undersigned counsel, hereby files its Complaint against Defendants, ELITE MOTOR CARS OF MIAMI, LLC (d/b/a AE OF MIAMI) ("AE OF MIAMI"), EMC OF MIAMI, CORP (d/b/a LIMITED SPEC AUTOMOTIVE) ("LIMITED SPEC"), WHEELS BOUTIQE, INC., ("WHEELS BOUTIQUE") and DREAM AUTO COLLECTION INC (collectively, the "Defendants"), jointly and severally, and alleges as follows:

### SUBSTANCE OF THIS ACTION

    1.    Brabus, established in 1977,  is an iconic automobile tuning company.  Automobile tuning (not to be confused with an engine "tune-up") refers to enhancing, modifying and configuring a vehicle (such as the exterior, interior and/or engine) to optimize the vehicle for an enhanced appearance and performance when compared to the conventional specification for that

vehicle. Authentic Brabus products, new and used, command top dollar prices because of their extraordinary design and quality.  Brabus' automobile tuning can easily add over $150,000 to the price and resale value of an automobile.

2.     One example is a "2023 Mercedes-Benz AMG G63 4x4 Squared" with a Mercedes-Benz MSRP (Manufacturers Suggested Retail Price) of $349,000.



3.      After engine, interior and exterior tuning by Brabus the $349,000 car will retail for over $550,000.



4.      This action arises out of the activities of the Defendants to unlawfully benefit from the Brabus designs, trademarks and patents, by "tuning" vehicles and creating Brabus "look-alikes" using many counterfeit parts while still displaying the Brabus trademarks and utilizing Brabus' patented designs as will be explained in greater detail below.

## CAUSES OF ACTION

5.      Plaintiff brings this action against Defendants for trademark infringement and counterfeiting under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); false advertising under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); unfair competition and false endorsement and association under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); trademark dilution under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(c); trademark infringement and unfair competition under the common law of the State of Florida, and violation of the Florida Deceptive and Unfair Trade Practices Act. Fla. Stat. §501.201 et. seq.

## THE PARTIES

6.      Plaintiff Brabus GmbH ("Brabus") is a limited liability company duly organized and existing under the laws of Germany with its principal place of business at Brabus Allee 1, Bottrop, Germany.

7.      Defendant ELITE MOTOR CARS OF MIAMI, LLC (d/b/a AE OF MIAMI) is an an automobile dealership and Florida Limited Liability Company with its principal place of business at 5700 NW 27th Ave, Miami, Florida 33142.

8.      Defendant EMC OF MIAMI, CORP (d/b/a LIMITED SPEC AUTOMOTIVE), is an automobile dealership and Florida Corporation with a principal place of business at 8700 NW 7th Avenue, Miami, FL 33150.

9.      Defendant WHEELS BOUTIQUE, INC., is a Florida Corporation with a principal place of business at 2845 SW 69th Court, Miami, FL 33155.

10.     Defendant DREAM AUTO COLLECTION INC. is a Florida Corporation with a principal place of business at 3837 Pembroke Road, Hollywood, FL 33021.

## JURISDICTION AND VENUE

11.     This Court has original jurisdiction over the subject matter of this suit because it arises under federal law, namely, the Trademark Act of 1946 (the Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (trademarks and unfair competition), 15 U.S.C. § 1125(a) (false designation of origin), and 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

12.     Venue is proper in this Judicial District and Division pursuant to 28 U.S.C. § 1391 for the federal trademark infringement counts, and Florida Statute § 47.011 for the state law counts since each of the Defendants resides in this Judicial District and Division and conducts regular ongoing business in this Judicial District and Division and the events giving rise to this action occurred in this Judicial District and Division.

## FACTUAL BACKGROUND

### PLAINTIFF'S TRADEMARK RIGHTS:

13.     For over 40 years, Brabus has revolutionized and perfected automobile "tuning' through manufacturing, tuning, configuring, upgrading, and selling high performance supercars and conversion of vehicles. In addition, in the last decade, Brabus offers aircraft interior and exterior design services, and, in the last decade, has begun offering high performance luxury marine vehicles through its BRABUS Marine division, as well al motorcycles as a luxury mobility provider. Brabus sells fashion products, accessories, model cars, home and office products, posters, tuning parts and other accessories through its online store.

14.     Brabus' products and services have become famous around the world, driven by Brabus' high quality standards, exclusivity, and distinctive designs. Among the purchasing public, genuine Brabus products are instantly recognizable in the United States and worldwide.

15.     Like many other famous trademark owners, Brabus suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Brabus' trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits. Accordingly, Brabus has gone to great lengths to protect its name and enforce its intellectual property rights.

16.     Much of Brabus' success is owed to its longstanding and consistent use of its trademarks. Brabus is the owner of U.S. Trademark Registration No. 2,628,813 for "Brabus", registered on October 1, 2002, in connection with:

- International Class 018 - Leather and imitation leather goods, namely umbrellas, suitcases, travelling trunks and travelling bags, and wallets.

- International Class 025 - Clothing, namely t-shirts, sweatshirts, pants, jackets, coats, work clothes, work shoes; hats, footwear and scarves.

- International Class 009 - Measuring instruments for installation in motor vehicles, namely, speedometers, tachometers, ammeters, voltmeters, odometers, magnetic compasses, engine temperature thermometers.

- International class 014 - Sterling silver keyrings, clocks; watches.

- International class 012 - Motor vehicles parts, namely, shock absorbers, spring struts for motor vehicle chassis, gearshift levers and gearboxes, steering wheels, exhaust systems, namely, fan-type manifolds, center parts and tail-end silencers and mufflers; motor vehicles, namely automobiles, motor vehicle parts and accessories therefor, namely motor vehicle tires and rims, springs, motor vehicle engine, side covering and lateral paneling, and tail aprons seats and head restrains for vehicle, spoiler.

- International class 037 - Installation of motor vehicle stereo equipment, cruise controls, vehicle anti-theft alarms, vehicle cellular phones, vehicle computer accessories therefor; customizing, tuning and detailing of motor vehicles, namely carrying out modifications of the engine, body, wheels and/or interior trim of mass-produced motor vehicles; painting of motor vehicles or parts thereof; installation of interior trim for motor vehicles.

17.     Registration No. 2,628,813 is valid, in full force and effect, and incontestable. A copy of the registration certificate is attached as Exhibit 1.

18.     Brabus is also the owner of U.S. Trademark Registration No. 6,762,978 for "Brabus", registered on June 21, 2022, in connection with:

- International Class 012 - Apparatus for locomotion by land, air or water, namely, automobiles, airplanes, and boats; Structural parts and fittings therefore for vehicles; Land vehicles, in particular, automotive vehicles, lorries, motorcycles, and structural parts thereof; vehicles and apparatus for locomotion by water, namely, boats; motor yachts, sailing yachts, powerboats, sailboats, rowing boats, as well as structural parts thereof, in particular ship hulls, cabin extensions, propeller shafts; Water vehicles, namely, boats and structural parts thereof; airplanes and structural parts therefor; aircraft; Structural components, parts and fittings for and of aircraft; amphibious airplanes; Structural components of amphibious aircraft; seaplanes; Structural components of seaplanes; Air bags and security alarms for vehicles; Accessories for motor vehicles, in particular, tires and wheel rims for motor vehicles, suspension springs, shock absorbers and suspension struts for motor vehicle chassis, steering wheels, seats and head supports, spoilers, side panels, rear bumpers, brakes, seat belts, rearview mirrors, anti-dazzle devices and sun blinds for automobile windshields, tires, upholstery for vehicles, interior vehicle linings, seat covers, anti-theft devices, gear lever knobs and transmissions for motor vehicles; Drive trains for land vehicles, including motors and engines, propulsion mechanisms and gear boxes for land vehicles..

- International Class 011 - Lighting and lighting reflectors, namely lighting and lighting reflectors for vehicles; refrigerating and freezing equipment; Heating units for industrial purposes, Air conditioning and ventilation apparatus, ambient air purification units; vehicle headlights; air- conditioning apparatus and auxiliary heating for motor vehicles.

- International Class 014 - Gemstones, pearls and precious metals, and imitations thereof; jewelry; Jewelry boxes and presentation boxes for watches; Horological and chronometric instruments; Badges of precious metal, pins being jewelry; tie clips, tie pins; Key rings and key chains, and jewelry charms

therefor; Key rings comprised of split rings with decorative fobs or trinkets; decorative objects and works of art of precious metals and their alloys, or coated therewith; Figurines and statuettes of previous metal and their alloys; badges of precious metals and their alloys or coated therewith; Jewelry accessories made of metal and alloys thereof, or coated therewith, namely, lapel pins, pins, tie pins, tie clips and cuff links; Fitted cases and containers for jewelry.

- International Class 020 - Hangers for clothes, namely, ties.

- International Class 021 - Scoops made of cardboard for the disposal of pet excrement.

- International Class 027 - Floor coverings and artificial floor coverings, namely carpets, rugs, and mats, in particular vehicle mats and carpets; Artificial floor coverings.

- International Class 022 - Goods of woven fabrics and fibers, namely, tarpaulins and sails, non-metal slings for loading and non-metal bands for wrapping or binding, bags and sacks for the transportation or storage of materials in bulk, awnings, tents, and unfitted vehicle covers, ropes and strings, commercial nets.

- International Class 024 - Textiles, namely, cotton fabric and acrylic fabric; Textile goods, namely, cotton fabrics and mesh-woven fabrics; Linens, namely, kitchen linens and table linens, not of paper, bed linen and bed blankets, towels of textile, bath towels, sauna towels, guest towels.

- International Class 025 - Clothing, namely, shirts, shorts, pants, jackets, socks; Footwear; Headwear, in particular, caps, cap peaks, visors; Articles of clothing, namely, shirts, shorts, pants, jackets, socks; headwear; neckties.

- International Class 028 - Sporting articles and equipment, namely, spring boards and weight lifting belts; Playground equipment, namely, climbing units and swing sets; Games, namely, video game apparatus; table top games and gambling machines; scale model vehicles; Games, namely, arcade games; toys, namely, plush toys; toy animals; Sporting articles, namely, camouflage screens and electronic golf ball dispensers; playing cards; card games; Toy model kit cars; Remote controlled toy vehicles; Toys, namely, scale model structures; electronically operated toy motor vehicles; electronic remote controlled toy vehicles; Sporting articles for gymnastics, namely, parallel bars and balance beams; balls for games, golf bags; dolls' clothing ; decorations for Christmas trees.

- International Class 033 - Alcoholic beverages, except beer, namely, spirits, wine, hard cider; pre-mixed alcoholic beverages, other than beer-based.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

- International Class 001 - Chemical substances, Chemical materials, and Chemical preparations all used for general industrial manufacturing; natural fertilizers; additives, chemical, to motor fuel.

- International Class 003 - Toiletries, namely perfumery and fragrances; body cleaning and beauty care preparations, in particular, make-up, bath soaps and gels; bath preparations, not for medical purposes; deodorants and anti-perspirants; cleaning and fragrancing preparations, in particular household fragrances, vehicle cleaning preparations, leather and shoe cleaning and polishing preparations; cleaning and polishing preparations, lacquer removing preparations; detergents for automobiles; polishes for motor vehicles and vehicle tires; shampoos for vehicles; fragrances for automobiles.

- International Class 004 - Fuels and illuminants, in particular, mineral oils for use in the manufacture of other products, propellant in the nature of fuel gas, biofuels; Industrial lubricants and industrial greases; industrial waxes and cutting fluids.

- International Class 005 - Disposable paper pads for changing diapers.

- International Class 007 - Exhaust systems for motor vehicles comprising of high-performance headers, mid-parts and silencers; Kits for improving the performance of motor vehicles, namely, exhausts for motors and engines; Motor parts, namely, turbochargers, compressors, injection pumps, pistons being parts of machines and engines, crank shafts, cam shafts, thermostatic control valves for machines; Powertrains, namely, engines and motors, not for land vehicles, transmissions for water vehicles and aeroplanes.

- International Class 008 - Cutlery, namely, kitchen knives and hand-operated cutting implements for kitchen use; hand tools and implements, hand-operated, for the treatment of materials, and for building, repair and maintenance, in particular for the repair and servicing of vehicles; Hand-operated lifting jacks.

- International Class 009 - Fire alarms; euro signal emitters, namely, electrical signal attenuators, electronic signal transmitters; Computer mice in the nature of trackpads; recorded content, namely, software, in particular games software; information technology and audio-visual, multimedia and photographic devices, namely, electrical and mechanical data processing equipment, in particular for motor vehicles; Electronic apparatus and instruments in the nature of cables for electricity; Optical devices, namely, enhancers and correctors in the nature of optical lenses, glasses, sunglasses and contact lenses, corrective glasses, sunglasses, contact lenses; Global positioning system (GPS) apparatus; Measuring, detecting, monitoring and controlling devices, namely, measuring devices and apparatus used for automotive air and fuel levels; Time measuring instruments, excluding clocks and watches; measuring instruments for

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

incorporation into vehicles, namely, odometers and speedometers; distance measuring instruments and apparatus, speed measuring indicators, temperature indicators, electricity meters.

- International Class 016 - Stationery; fountain pens; Drafting rulers; paper, cardboard and goods made from these materials, namely, works of art and figurines of paper or cardboard and architects' models; decorative objects, namely, party ornaments made of paper or cardboard; prints in the nature of photographs; posters; drawing materials for blackboards; modeling materials and materials for artists, namely, modeling clay and molds for modeling clay; paper in the nature of filtering materials in food industries; paper bags; pouches and articles for packaging, wrapping and storage of paper; stationery and printed educational supplies, namely, teaching tiles; printed matter, namely, paper signs and books; disposable paper products, namely, refuse bags of paper, tissues of paper for removing make-up, paper baby bibs; parchment paper; banners of paper; place mats of paper for beer glasses; paper cocktail parasols; shelf paper; food-wrapping paper; bunting of card paper; flags of paper; flags and pennants of paper; humidity control sheets of paper or plastic for foodstuff packaging; face cloths made of paper; coarse paper tissues for toiletry use; hygienic hand towels of paper; paper coffee filters; coasters of paper; paper till rolls; toilet paper; bags for microwave cooking; kitchen paper rolls; kitchen rolls of paper; bibs of paper; bibs, sleeved, of paper; make-up pads of paper for removing make-up; refuse bags of paper; coin mats; paper for medical examination tables; paper wipes for cleaning; dental tray covers of paper; paper doilies; bunting of paper; face towels of paper; towels of paper; flower-pot covers of paper; paper pet crate mats, decorative paper centerpieces; paper napkins; paper handkerchiefs; facial tissues of paper; tablemats of paper; paper washcloths; paper pennants; decorations of cardboard for foodstuffs; drawer liners of paper, perfumed or not; placards of paper or cardboard; table place setting mats of cardboard; dinner place mats of cardboard; place mats of paper; place cards; absorbent sheets of paper or plastic for foodstuff packaging; absorbent pads of paper; table napkins of paper; paper tissues; tablecloths of paper; decorative table centerpieces of paper; table runners of paper; table runners of cellulose; table linen of paper; toilet rolls of paper; paper toilet seat covers; drying towels of paper; drip mats of paper; paper tissues for cosmetic use; drip mats of cardboard; drip mats of card; bags for packaging made of biodegradable paper; water filters of paper in the nature of paper coffee filters; disposable absorbent training pads for pets; disposable napkins; cellulose wipes.

- International Class 018 - Leather and imitation leather and goods made therefrom, namely umbrellas and parasols, walking sticks, luggage, travel bags, wallets and all-purpose carrying bags, saddlery, whips and apparel for animals; suitcases; Luggage, weekend bags, wallets and baby carrying bags; bags, in

particular rucksacks and backpacks, satchels, purses; Trunks being luggage and suitcases; Umbrellas, sun umbrellas, beach parasols; Leather travelling bag sets.

19.     Registration No. 6,762,978 is valid and in full force and effect. A copy of the registration certificate is attached as Exhibit 2.

20.     Brabus is also the owner of U.S. Trademark Registration No. 2,610,469 for the "B" design mark (depicted below), registered on August 20, 2002, in connection with:



- International Class 007 - Motor vehicle parts, namely, exhaust systems, namely fan-type manifolds, center parts and tail-end silencers and mufflers.

- International Class 011 - Measuring instruments for installation in motor vehicles, namely speedometers, tachometers, ammeters, voltmeters, odometers, magnetic compasses, engine temperature thermometers.

- International Class 012 - Motor vehicles, namely automobiles, motor vehicle parts and accessories therefor, namely, motor vehicles tires and rims, springs, engines for land vehicles, side covering and lateral paneling, tail aprons, seats and head restrains for vehicles; spoiler, shock absorbers, spring struts for motor vehicle chassis, gearshift levers and gearboxes, steering wheels.

- International Class 014 - Sterling silver keyrings, clocks; watches.

- International Class 018 - Leather and imitation leather goods, namely umbrellas, suitcases, travelling trunks and travelling bags, and wallets.

- International Class 025 - Clothing, namely, T-shirts, sweatshirts, pants, jackets, coats, work clothes, namely, overalls and jumpsuits; work shoes; hats, footwear and scarves.

- International Class 037 - Installation of motor vehicle stereo equipment, cruise controls, vehicle anti-theft alarms, vehicle cellular phones, vehicle computers accessories therefore; customizing, tuning and detailing of motor vehicles, namely carrying out modifications of the engine, body, wheels and/or interior

trim of mass-produced motor vehicles; painting of motor vehicles or parts thereof; installation of interior trim for motor vehicles.

21.     Registration No. 2,610,469 is valid, in full force and effect, and incontestable. A copy of the registration certificate is attached as Exhibit 3.

22.     U.S. Trademark Registration Nos. 2,628,813 (BRABUS), 6,762,978 (BRABUS) and 2,610,469 (B), shall be collectively referred to as the "Brabus Marks".

23.     Approximately 80 percent of the business of Brabus in the United States consists of its extensive line of SUV packages for the Mercedes Benz G-class, colloquially known as the G-Wagen. Brabus' G-class offerings vary in style and performance, consisting of exterior body kits, wheels, numerous interior components, and significant powertrain and drivetrain upgrades, non-limiting examples of which are depicted below:

**BRABUS 700 and 800**







## BRABUS 900 ROCKET EDITION







24.     In addition to the exterior configuration as illustrated in the immediately preceding paragraphs, Plaintiff provides what are colloquially known as automobile "badges" or "logos" using its trademarked "B" for products such as wheels (hub cap covers), automobile interiors including headrests, front grilles, etc.



(front grille)                    (hub cap cover)

**DEFENDANTS' INFRINGING ACTIVITIES**

25.     At all times relevant hereto, Defendants in this action have had full knowledge of Brabus' ownership of the Brabus Marks, including its exclusive right to use and license the use of the Brabus Marks and the goodwill associated therewith.

26.     Defendants are each promoting, advertising, distributing, offering for sale, and/or selling counterfeit Brabus-branded goods in interstate commerce bearing and/or using infringing, counterfeit and confusingly similar imitations of one or more of the Brabus Marks (the

"Counterfeit Goods) through their respective websites, social media profiles, and physical locations in this Judicial District and Division.

27.     As a non-limiting example, a vehicle with a VIN (Vehicle Identification Number) ending in 463578 and identified as a 2023 Mercedes-Benz G63 AMG was offered for sale by Defendant AE of Miami using its website www.aeofmiami.com.  Upon accessing the website there was a link to the website of Defendant Limited Spec www.limitedspec.com.  Upon accessing the limitedspec.com website a counterfeit vehicle was identified having, *inter alia,* infringing use of Brabus' trademarks as follows:



28.     In addition, vehicles have been offered for sale by Defendant Wheels Boutique, such as a vehicle having a VIN ending in 75742 on its website www.wheelsboutique.com.  Upon

accessing that website there is a link to the website of Defendant Limited Spec, specifically, www.limitedspec.com, where counterfeit vehicles having use of Brabus' trademarks are offered for sale.

29.     In addition, vehicles have been modified and/or sold with counterfeit Brabus-branded goods by Defendant Dream Auto Collection such as vehicles having VINs ending in 461919, 472082 and 469997.

30.     Defendants intentionally and willfully manufacture, advertise, and/or sell vehicles purported to be authentic Brabus creations, and/or modify vehicles with parts purported to be authentic Brabus creations, and which bear numerous Brabus Marks across the vehicles' exterior and interior components.

31.     Defendants utilize the Brabus Marks on dozens if not hundreds of unauthentic parts such as body kits, grilles, emblems, badges, lights, hoods, spoilers,  doorstep inserts, spare wheel covers, steering wheels, leather upholstery, and potentially more.

32.     Upon information and belief, Defendants also intentionally and willfully manufacture, obtain, advertise, and/or  sell individual counterfeit Brabus-branded goods to consumers who are looking to upgrade their vehicles with genuine Brabus parts.

33.     Defendants infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during, and after the time of purchase.

34.     Defendants ELITE MOTOR CARS OF MIAMI, LLC, EMC OF MIAMI, CORP, and WHEELS BOUTIQUE, INC are directly contributing to, inducing, and engaging in the sale of counterfeit Brabus-branded goods, as *de facto* partners and co-conspirators. These Defendants routinely advertise the same vehicles across their respective websites and dealerships and represent to consumers that the three entities all work together.

35.     The acts of all Defendants are deliberately calculated to confuse and deceive the public and are performed with full knowledge of Brabus' rights.

36.     In fact, on or around January 20, 2023, Brabus' former counsel, sent correspondence to Defendant AE of Miami demanding that AE of Miami cease any and all infringement of the Brabus Marks. Despite Brabus' demands, at least AE of Miami has continued its unlawful activities. A copy of the January 20, 2023, correspondence is attached hereto as Exhibit 4.

37.     Defendants are not, and never have been, associated, affiliated, connected with, licensed by and/or endorsed by Brabus.

38.     Defendants' counterfeit Brabus-branded goods are of an inferior quality compared to Brabus' genuine high-quality goods. This is highly problematic, as Brabus is not able to monitor, enforce or maintain its quality control standards on the counterfeit Brabus-branded goods Defendants assemble, offer for sale, and sell.

39.     Defendants' use of the Brabus Marks in the manner described above tends to and does create the erroneous impression that Defendants' inferior products emanate or originate from Brabus, and/or that said products/vehicles are authorized, sponsored, or approved by Brabus even though they are not. Upon information and belief, at least one of the Defendants even offers certificates of authenticity to consumers who purchase the counterfeit Brabus-branded goods. This confusion causes irreparable harm to Brabus and the Brabus Marks.

40.     Defendants have been unjustly enriched by illegally using and misappropriating Brabus' trademarks for their own financial gain. Furthermore, Defendants have unfairly benefited and profited from Brabus' outstanding reputation for high quality products and its significant advertising and promotion of Brabus vehicles and Brabus Marks.

41.     The injury and damages sustained by Brabus, and the consuming public, have been directly and proximately caused by Defendants' wrongful manufacture, reproduction, advertisement, promotion, and sale of counterfeit Brabus-branded goods.

42.     Brabus has suffered irreparable harm and damages as a result of Defendants' conduct. If Defendants' counterfeiting and infringing, and unfairly competitive activities are not permanently enjoined by this Court, Brabus and the consuming public will continue to be harmed.

43.     Brabus believes that unless this Court enters a preliminary and permanent injunction in this case, Defendants' may dispose of or divert counterfeit Brabus-branded goods and all evidence relating to the manufacture, importation, advertisement, and sale of the counterfeit goods, and will disclaim any knowledge of the persons from whom they bought and to whom they sold such Counterfeit Goods.

44.     All conditions precedent to bringing this action, if any, have occurred or have been performed, waived and/or excused.

45.     Plaintiff has engaged the undersigned and agreed to payment of reasonable attorney fees and costs in connection with this action.

## COUNT I – TRADEMARK INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT ( 15 U.S.C. § 1114) – U.S. Trademark No. 2,628,813

### (Against all Defendants)

46.     Brabus adopts and incorporates the allegations of paragraphs 1-17, and 22-45 as if fully set forth herein.

47. This is a Count for trademark infringement against Defendants based on their use of confusingly similar imitations of the Brabus trademark registered as U.S. Trademark No. 2,628,813 in interstate commerce in connection with the manufacture, promotion, advertisement, distribution, offering for sale, and sale of Brabus-branded goods.

48. Specifically, within the 3 years preceding the filing of this Complaint, Defendants have been and are promoting and otherwise advertising, selling, offering for sale, and distributing infringing Brabus-branded goods. Defendants are continuously infringing and inducing others to infringe the Brabus trademark registered as U.S. Trademark No. 2,628,813 by use of such trademark in interstate commerce to advertise, promote, offer to sell, and/or sell infringing Brabus-branded goods.

49. Defendants' concurrent infringing activities are likely to cause and are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Brabus-branded goods.

50. Defendants' unlawful actions as set forth in this Count I have caused and are continuing to cause unquantifiable and irreparable harm to Brabus and are unjustly enriching Defendants with profits at Brabus' expense.

51. Defendants are aware of Brabus' ownership of the Brabus Marks and are willfully infringing upon same.

52. Defendants' unlawful actions as set forth in this Count I constitute infringement of the Brabus Marks in violation of Brabus' rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

53. Brabus has suffered irreparable injury as set forth in this Count I while Defendants are earning a substantial profit due to Defendants' unlawful activities, and Brabus will continue to suffer if Defendants are not preliminarily and permanently enjoined from same.

## COUNT II – TRADEMARK INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT ( 15 U.S.C. § 1114) – U.S. Trademark No. 6,762,978

### (Against all Defendants)

54.     Brabus adopts and incorporates the allegations of paragraphs 1-15, 18. 19 and 22-45 as if fully set forth herein.

55.     This is a Count for trademark infringement against Defendants based on their use of confusingly similar imitations of the Brabus trademark registered as U.S. Trademark No. 6,762,978 in interstate commerce in connection with the manufacture, promotion, advertisement, distribution, offering for sale, and sale of Brabus-branded goods.

56.     Specifically, within the 3 years preceding the filing of this Complaint, Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing infringing Brabus-branded goods. Defendants are continuously infringing and inducing others to infringe the Brabus trademark registered as U.S. Trademark No. 6,762,978 by use of such trademark in interstate commerce to advertise, promote, offer to sell, and/or sell infringing Brabus-branded goods.

57.     Defendants' concurrent infringing activities as set forth in this Count II are likely to cause and are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Brabus-branded goods.

58.     Defendants' unlawful actions as set forth in this Count II have caused and are continuing to cause unquantifiable and irreparable harm to Brabus and are unjustly enriching Defendants with profits at Brabus' expense.

59.     Defendants are aware of Brabus' ownership of the Brabus Marks and are willfully infringing upon same.

60.     Defendants' unlawful actions as set forth in this Count II constitute infringement of the Brabus Marks in violation of Brabus' rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

61.     Brabus has suffered irreparable injury as set forth in this Count II while Defendants are earning a substantial profit due to Defendants' unlawful activities, and Brabus will continue to suffer if Defendants are not preliminarily and permanently enjoined from same.

### COUNT III – TRADEMARK INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT ( 15 U.S.C. § 1114) – U.S. Trademark No. 2,610,469

**(Against all Defendants)**

62.     Brabus adopts and incorporates the allegations of paragraphs 1-15 and 20-45 as if fully set forth herein.

63.     This is a Count for trademark infringement against Defendants based on their use of confusingly similar imitations of the Brabus trademark registered as U.S. Trademark No. 2,610,469 in interstate commerce in connection with the manufacture, promotion, advertisement, distribution, offering for sale, and sale of Brabus-branded goods.

64.     Specifically, within the 3 years preceding the filing of this Complaint, Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing infringing Brabus-branded goods. Defendants are continuously infringing and inducing others to infringe the Brabus trademark registered as U.S. Trademark No. 2,610,469 by use of such trademark in interstate commerce to advertise, promote, offer to sell, and/or sell infringing Brabus-branded goods.

65.     Defendants' concurrent infringing activities as set forth in this Count III are likely to cause and are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Brabus-branded goods.

66.     Defendants' unlawful actions as set forth in this Count III have caused and are continuing to cause unquantifiable and irreparable harm to Brabus and are unjustly enriching Defendants with profits at Brabus' expense.

67.     Defendants are aware of Brabus' ownership of the Brabus Marks and are willfully infringing upon same.

68.     Defendants' unlawful actions as set forth in this Count III constitute infringement of the Brabus Marks in violation of Brabus' rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

69.     Brabus has suffered irreparable injury as set forth in this Count III while Defendants are earning a substantial profit due to Defendants' unlawful activities, and Brabus will continue to suffer if Defendants are not preliminarily and permanently enjoined from same

## COUNT IV – TRADEMARK COUNTERFEITING PURSUANT TO § 32 OF THE LANHAM ACT ( 15 U.S.C. § 1114)  - U.S. Trademark No. 2,628,813

### (Against all Defendants)

70.     Brabus adopts and incorporates the allegations of paragraph 42 as if fully set forth herein.

71.     This is a Count for trademark counterfeiting against Defendants based on their use of counterfeit imitations of Brabus-branded goods set forth in this Count in interstate commerce

in connection with the manufacture, promotion, advertisement, distribution, offering for sale, and sale of counterfeit Brabus-branded goods.

72.     Defendants have been and currently are promoting and otherwise advertising, selling, offering for sale, and distributing goods in interstate commerce bearing and/or using Brabus trademark registered as U.S. Trademark No. 2,628,813.

73.     Defendants have been and are continuously counterfeiting and inducing others to counterfeit the Brabus trademark set forth in this Count IV by using such trademark to advertise, promote, offer to sell, and/or sell counterfeits of Brabus-branded goods.

74.     Defendants' counterfeiting activities as set forth in this Count IV are likely to cause and are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' counterfeits of Brabus-branded goods.

75.     Defendants' unlawful actions as set forth in this Count IV have caused and are continuing to cause unquantifiable and irreparable harm to Brabus and are unjustly enriching Defendants with profits at Brabus' expense.

76.     Defendants are aware of Brabus' ownership of the Brabus Marks and are willfully selling counterfeits of Brabus-branded goods.

77.     Brabus has suffered irreparable injury as set forth in this Count IV while Defendants are earning a substantial profit due to Defendants' unlawful activities, and Brabus will continue to suffer if Defendants are not preliminarily and permanently enjoined from same.

## COUNT V – TRADEMARK COUNTERFEITING PURSUANT TO § 32 OF THE

## LANHAM ACT (15 U.S.C. § 1114)  - U.S. Trademark No. 6,762,978

### (Against all Defendants)

78.     Brabus adopts and incorporates the allegations of paragraph 54 as if fully set forth herein.

79.     This is a Count for trademark counterfeiting against Defendants based on their use of counterfeit imitations of Brabus-branded goods set forth in this Count in interstate commerce in connection with the manufacture, promotion, advertisement, distribution, offering for sale, and sale of counterfeit Brabus-branded goods.

80.     Defendants have been and are promoting and otherwise advertising, selling, offering for sale, and distributing goods in interstate commerce bearing and/or using Brabus trademark registered as U.S. Trademark No. 6,762,978.

81.     Defendants have been and are continuously counterfeiting and inducing others to counterfeit the Brabus trademark set forth in this Count V by using such trademark to advertise, promote, offer to sell, and/or sell counterfeits of Brabus-branded goods.

82.     Defendants' counterfeiting activities as set forth in this Count V are likely to cause and are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' counterfeit Brabus-branded goods.

83.     Defendants' unlawful actions as set forth in this Count V have caused and are continuing to cause unquantifiable and irreparable harm to Brabus and are unjustly enriching Defendants with profits at Brabus' expense.

84.     Defendants are aware of Brabus' ownership of the Brabus Marks and are willfully selling counterfeit Brabus-branded goods.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

85.     Brabus has suffered irreparable injury as set forth in this Count V while Defendants are earning a substantial profit due to Defendants' unlawful activities, and Brabus will continue to suffer if Defendants are not preliminarily and permanently enjoined from same.

## COUNT VI – TRADEMARK COUNTERFEITING PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)  - U.S. Trademark No. 2,610,469

### (Against all Defendants)

86.     Brabus adopts and incorporates the allegations of paragraph 62 as if fully set forth herein.

87.     This is a Count for trademark counterfeiting against Defendants based on their use of counterfeit imitations of Brabus-branded goods as set forth in this Count in interstate commerce in connection with the manufacture, promotion, advertisement, distribution, offering for sale, and sale of counterfeit Brabus-branded goods.

88.     Defendants have been and are promoting and otherwise advertising, selling, offering for sale, and distributing goods in interstate commerce bearing and/or using Brabus trademark registered as U.S. Trademark No. 2,610,469.

89.     Defendants have been and are continuously counterfeiting and inducing others to counterfeit the Brabus trademark set forth in this Count VI by using such trademark to advertise, promote, offer to sell, and/or sell counterfeits of Brabus-branded goods.

90.     Defendants' counterfeiting activities as set forth in this Count VI are likely to cause and are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' counterfeit of Brabus-branded goods.

91.    Defendants' unlawful actions as set forth in this Count VI have caused and are continuing to cause unquantifiable and irreparable harm to Brabus and are unjustly enriching Defendants with profits at Brabus' expense.

92.    Defendants are aware of Brabus' ownership of the Brabus Marks and are willfully counterfeiting Brabus-branded goods.

93.    Brabus has suffered irreparable injury as set forth in this Count VI while Defendants are earning a substantial profit due to Defendants' unlawful activities, and Brabus will continue to suffer if Defendants are not preliminarily and permanently enjoined from same.

## COUNT VII – FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP AND FALSE ADVERTISING PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a)) U.S. Trademark 2,628,813

### (Against all Defendants)

94.    Brabus adopts and incorporates the allegations of paragraphs 46 – 53  as if fully set forth herein.

95.    Defendants' counterfeit Brabus-branded goods have been widely advertised and offered for sale throughout the United States via the internet and at Defendants' physical dealerships.

96.    Defendants' counterfeit Brabus-branded goods are virtually identical in appearance to Brabus' genuine goods that are sold by Brabus under U.S. Trademark No. 2,628,813. Accordingly, Defendants' activities are likely to cause confusion in the trade and among

consumers as to at least the origin or sponsorship of Defendants' counterfeit Brabus-branded goods.

97.     Defendants have used in connection with their advertisement, offers for sale, and sale of their counterfeit Brabus-branded goods, false designations of origin and false descriptions and representations, including words or other symbols and designs, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce in the United States with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Brabus' detriment.

98.     Defendants have misrepresented to members of the consuming public that the Defendants' Brabus-branded goods being advertised and sold by them are genuine, non-infringing goods by implication and/or by not affirmatively disclosing that non-Brabus components bearing the Brabus Marks are used in the products offered for sale by Defendants.

99.     Defendants' actions as set forth in this Count VII are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

100.    Brabus has no adequate remedy at law and has sustained injury caused by Defendants' conduct as set forth in this Count VII. Absent an entry of an injunction by this Court, Brabus will continue to suffer irreparable injury to its goodwill and business reputation, while Defendants are earning a substantial profit.

### COUNT VIII – FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP
### AND FALSE ADVERTISING PURSUANT TO § 43(a) OF
### THE LANHAM ACT (15 U.S.C. § 1125(a)) U.S. Trademark 6,762,978

**(Against all Defendants)**

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

101.    Brabus adopts and incorporates the allegations of paragraphs 54-61 as if fully set forth herein.

102.    Defendants' counterfeit Brabus-branded goods have been widely advertised and offered for sale throughout the United States via the internet and at Defendants' physical dealerships.

103.    Defendants' counterfeit Brabus-branded goods are virtually identical in appearance to Brabus' genuine goods that are sold by Brabus under U.S. Trademark No. 6,762,978. Accordingly, Defendants' activities are likely to cause confusion in the trade and among consumers as to at least the origin or sponsorship of Defendants' counterfeit  Brabus-branded goods.

104.    Defendants have used in connection with their advertisement, offers for sale, and sale of their counterfeits of Brabus-branded goods, false designations of origin and false descriptions and representations, including words or other symbols and designs, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce in the United States with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Brabus' detriment.

105.    Defendants have misrepresented to members of the consuming public that the Defendants' Brabus-branded goods being advertised and sold by them are genuine, non-infringing goods by implication and/or by not affirmatively disclosing that non-Brabus components bearing the Brabus Marks are used in the products offered for sale by Defendants.

106.    Defendants' actions as set forth in this Count VIII are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

107.    Brabus has no adequate remedy at law and has sustained injury caused by Defendants' conduct as set forth in this Count VIII. Absent an entry of an injunction by this Court, Brabus will continue to suffer irreparable injury to its goodwill and business reputation, while Defendants are earning a substantial profit.

## COUNT IX – FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP
## AND FALSE ADVERTISING PURSUANT TO § 43(a) OF
## THE LANHAM ACT (15 U.S.C. § 1125(a)) U.S. Trademark 2,610,469

### (Against all Defendants)

108.    Brabus adopts and incorporates the allegations of paragraphs 62-69 as if fully set forth herein.

109.    Defendants' counterfeit Brabus-branded goods have been widely advertised and offered for sale throughout the United States via the internet and at Defendants' physical dealerships.

110.    Defendants' counterfeit Brabus-branded goods are virtually identical in appearance to Brabus' genuine goods that are sold by Brabus under U.S. Trademark No. 2,610,469. Accordingly, Defendants' activities are likely to cause confusion in the trade and among consumers as to at least the origin or sponsorship of Defendants' counterfeit Brabus-branded goods.

111.    Defendants have used in connection with their advertisement, offers for sale, and sale of their counterfeit  Brabus-branded goods, false designations of origin and false descriptions and representations, including words or other symbols and designs, which tend to falsely describe

or represent such goods and have caused such goods to enter into commerce in the United States with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Brabus' detriment.

112.    Defendants have misrepresented to members of the consuming public that the Defendants' Brabus-branded goods being advertised and sold by them are genuine, non-infringing goods by implication and/or by not affirmatively disclosing that non-Brabus components bearing the Brabus Marks are used in the products offered for sale by Defendants.

113.    Defendants' actions as set forth in this Count IX are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

114.    Brabus has no adequate remedy at law and has sustained injury caused by Defendants' conduct as set forth in this Count IX. Absent an entry of an injunction by this Court, Brabus will continue to suffer irreparable injury to its goodwill and business reputation, while Defendants are earning a substantial profit.

**COUNT X– TRADEMARK DILUTION PURSUANT TO § 43(a) OF THE LANHAM ACT ( 15 U.S.C. § 1125(c) U.S. Trademark 2,628,813**

**(Against all Defendants)**

115.    Brabus adopts and incorporates the allegations of paragraphs 94-100  as if fully set forth herein.

116.    Brabus trademark registered as U.S. Trademark 2,628,813 has become famous and distinctive worldwide through Brabus' continuous and exclusive use of its trademark in connection with Brabus' vehicles, parts, products and services.

117.    Because Brabus' vehicles, parts, products and services have gained a reputation for superior quality, durability, and performance, the Brabus trademark referred to in this Count X has gained substantial renown.

118.    Defendants have willfully and intentionally used and continue to use the Brabus trademark referred to in this Count X or confusingly similar variations thereof, in connection with the advertisement, promotion, and sale of Defendants' vehicles, parts, products and/or services in interstate commerce as set forth in this Count X.

119.    Defendants' use of the Brabus trademark referred to in this Count X and confusingly similar variations thereof, in interstate commerce as set forth in this Count X has caused and continues to cause irreparable injury to and actual dilution of the distinctive quality of the Brabus trademark referred to in this Count X in violation of Brabus' rights under 15 U.S.C. § 1125(c). Defendants' wrongful use of the Brabus trademark referred to in this Count X in interstate commerce as set forth in this Count X dilutes, blurs, tarnishes, and whittles away the distinctiveness of said Brabus trademark.

120.    Defendants have used and continue to use the Brabus trademark referred to in this Count X, and confusingly similar variations thereof, in interstate commerce as set forth in this Count X willfully and with the intent to dilute said Brabus trademark, and with the intent to trade on Brabus' reputation and the goodwill inherent in said Brabus trademark.

121.    As a direct and proximate result of Defendants' conduct as set forth in this Count X, Brabus has suffered irreparable harm to said Brabus trademark.

122.    Unless Defendants are enjoined, said Brabus trademark will continue to be irreparably harmed and diluted. Plaintiff has no adequate remedy at law that will fully and

completely compensate for the continued and irreparable harm it will suffer as set forth in this Count X if Defendants' actions are allowed to continue.

123.    Brabus is entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the Brabus Marks as set forth in this Count X pursuant to 15 U.S.C. § 1117.

## COUNT XI– TRADEMARK DILUTION PURSUANT TO § 43(a) OF THE LANHAM ACT ( 15 U.S.C. § 1125(c) U.S. Trademark 6,762,978

### (Against all Defendants)

124.    Brabus adopts and incorporates the allegations of paragraphs 101-107  as if fully set forth herein.

125.    Brabus trademark registered as U.S. Trademark 6,762,978 has become famous and distinctive worldwide through Brabus' continuous and exclusive use of its trademark in connection with Brabus' vehicles, parts, products and services.

126.    Because Brabus' vehicles, parts, products and services have gained a reputation for superior quality, durability, and performance, the Brabus trademark referred to in this Count XI has gained substantial renown.

127.    Defendants have willfully and intentionally used and continue to use the Brabus trademark referred to in this Count XI or confusingly similar variations thereof, in connection with the advertisement, promotion, and sale of Defendants' vehicles, parts, products and/or services in interstate commerce as set forth in this Count XI.

128.    Defendants' use of the Brabus trademark referred to in this Count XI and confusingly similar variations thereof, in interstate commerce as set forth in this Count XI has caused and continues to cause irreparable injury to and actual dilution of the distinctive quality of the Brabus trademark referred to in this Count XI in violation of Brabus' rights under 15 U.S.C. § 1125(c). Defendants' wrongful use of the Brabus trademark referred to in this Count XI in interstate commerce as set forth in this Count XI dilutes, blurs, tarnishes, and whittles away the distinctiveness of said Brabus trademark.

129.    Defendants have used and continue to use the Brabus trademark referred to in this Count XI, and confusingly similar variations thereof, in interstate commerce as set forth in this Count XI willfully and with the intent to dilute said Brabus trademark, and with the intent to trade on Brabus' reputation and the goodwill inherent in said Brabus trademark.

130.    As a direct and proximate result of Defendants' conduct as set forth in this Count XI, Brabus has suffered irreparable harm to said Brabus trademark.

131.    Unless Defendants are enjoined, said Brabus trademark will continue to be irreparably harmed and diluted. Plaintiff has no adequate remedy at law that will fully and completely compensate for the continued and irreparable harm it will suffer as set forth in this Count XI if Defendants' actions are allowed to continue.

132.    Brabus is entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the Brabus Marks as set forth in this Count XI pursuant to 15 U.S.C. § 1117.

**<u>COUNT XII– TRADEMARK DILUTION PURSUANT TO § 43(a) OF</u>**

**<u>THE LANHAM ACT ( 15 U.S.C. § 1125(c) U.S. Trademark 2,610,469</u>**

**(Against all Defendants)**

133.    Brabus adopts and incorporates the allegations of paragraphs 108-114  as if fully set forth herein.

134.    Brabus trademark registered as U.S. Trademark 2,610,469 has become famous and distinctive worldwide through Brabus' continuous and exclusive use of its trademark in connection with Brabus' exclusive use of its trademark in connection with Brabus' vehicles, parts, products and services.

135.    Because Brabus' vehicles, parts, products and services have gained a reputation for superior quality, durability, and performance, the Brabus trademark referred to in this Count XII has gained substantial renown.

136.    Defendants have willfully and intentionally used and continue to use the Brabus trademark referred to in this Count XII or confusingly similar variations thereof, in connection with the advertisement, promotion, and sale of Defendants' vehicles, parts, products and/or services in interstate commerce as set forth in this Count XII.

137.    Defendants' use of the Brabus trademark referred to in this Count XII and confusingly similar variations thereof, in interstate commerce as set forth in this Count XII has caused and continues to cause irreparable injury to and actual dilution of the distinctive quality of the Brabus trademark referred to in this Count XII in violation of Brabus' rights under 15 U.S.C. § 1125(c). Defendants' wrongful use of the Brabus trademark referred to in this Count XII in interstate commerce as set forth in this Count XII dilutes, blurs, tarnishes, and whittles away the distinctiveness of said Brabus trademark.

138.    Defendants have used and continue to use the Brabus trademark referred to in this Count XII, and confusingly similar variations thereof, in interstate commerce as set forth in this Count XII willfully and with the intent to dilute said Brabus trademark, and with the intent to trade on Brabus' reputation and the goodwill inherent in said Brabus trademark.

139.    As a direct and proximate result of Defendants' conduct as set forth in this Count XII, Brabus has suffered irreparable harm to said Brabus trademark.

140.    Unless Defendants are enjoined, said Brabus trademark will continue to be irreparably harmed and diluted. Plaintiff has no adequate remedy at law that will fully and completely compensate for the continued and irreparable harm it will suffer as set forth in this Count XII if Defendants' actions are allowed to continue.

141.    Brabus is entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the Brabus Marks as set forth in this Count XII pursuant to 15 U.S.C. § 1117.

## COUNT XIII – VIOLATION OF FLORIDA

## DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

**(Against all Defendants)**

142.    Brabus adopts and incorporates the allegations of paragraphs 1-45 as if fully set forth herein.

143.    The Florida Deceptive and Unfair Trademark Practices Act ("FDUTPA") is designed to protect the consuming public and legitimate business enterprises from those who

engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of trade or commerce.

144.    Brabus is considered an "interested party or person" as defined in §501.203(6), Florida Statutes, because it has been affected by Defendants' violation of FDUTPA.

145.    Defendants have continuously engaged in unfair and deceptive acts by misrepresenting the authenticity of counterfeit Brabus-branded goods they sell to the public.

146.    Defendants have competed with Brabus unfairly and deceptively by misrepresenting their affiliation with Brabus and the genuineness of counterfeit Brabus-branded goods to redirect sales away from Brabus and enrich the Defendants.

147.    Defendants willfully undertook these unlawful acts and knew or should have known that such practices were unlawful.

148.    Brabus has been damaged by Defendants' unlawful actions, and Defendants' actions will, unless restrained, further impair, if not destroy, the value of Brabus Marks and the associated goodwill.

149.    Brabus has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' actions as set forth in this Count XIII are allowed to continue.

## **COUNT XIV – COMMON LAW TRADEMARK INFRINGEMENT**

150.    Brabus adopts and incorporates the allegations of paragraphs 1-45, as if fully set forth herein.

151.    Brabus is the owner of all common law rights in the Brabus Marks.

152.    This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of counterfeit Brabus-branded goods bearing and/or using one or more of the Brabus Marks in interstate commerce.

153.    Each Defendant is promoting, and otherwise advertising, distributing, offering for sale, and selling goods bearing and/or using infringements of one or more of the Brabus Marks in interstate commerce.

154.    Defendants' infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of Defendants' counterfeit Brabus-branded goods.

155.    Brabus has no adequate remedy at law and is suffering irreparable injury because of Defendants' willful actions as set forth in this Count XIV, while Defendants are earning a substantial profit, all to the injury and damage to Brabus.

## COUNT XII – COMMON LAW UNFAIR COMPETITION

156.    Brabus adopts and incorporates the allegations of paragraphs 1-45, as if fully set forth herein.

157.    This is an action against Defendants based on their (i) promotion, advertisement, distribution, offering for sale, and/or sale of goods bearing and/or using marks that are virtually identical to one or more of the Brabus Marks, in violation of Florida's common law of unfair competition.

158.    The Brabus Marks have acquired secondary meaning and are widely recognized by consumers around the world and in Florida.

159.    Defendants' infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of Defendants' Brabus-branded goods.

160.    Brabus has no adequate remedy at law and is suffering irreparable injury because of Defendants' actions as set forth in this Count XV, while Defendants are earning a substantial profit, all to the injury and damage to Brabus.

## **PRAYER FOR RELIEF**

161.    WHEREFORE, Brabus demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

      a.    Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell counterfeit Brabus-branded goods; from infringing, counterfeiting, or diluting one of more of the Brabus Marks; from using one or more of the Brabus Marks, or any mark or design similar thereto, in connection with the sale of any goods not expressly authorized by Plaintiff; from using any logo, trade name, or trademark or design that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Brabus; from falsely representing themselves as being connected with Brabus, through sponsorship or association, or engaging in any act that is likely to falsely cause members of

the trade and/or of the purchasing public to believe any goods or services of Defendants, are in any way endorsed by, approved by, and/or associated with Brabus; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Brabus Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Brabus, or in any way endorsed by Brabus and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Brabus' name or trademarks; and from otherwise unfairly competing with Brabus.

b.  Entry of  a temporary restraining order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of an injunction issued by the Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods bearing and/or using counterfeits and/or infringements of the Brabus Marks.

c.  Entry of an order pursuant to 28 U.S.C. § 1651(a), and the Court's inherent authority that, upon Brabus' request, those acting in concert or participation with Defendants who have notice of the injunction, as service providers cease hosting, facilitating access to, or providing any supporting service to any and

all domain names and websites through which Defendants engage in the promotion, offering for sale and/or sale of goods bearing and/or using counterfeits and/or infringements of the Brabus Marks.

d.  Entry of an order pursuant to 28 U.S.C. § 1651(a), and the Court's inherent authority, authorizing Brabus to serve the injunction on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses that are or have been used by Defendants in connection with Defendants' promotion, offering for sale, and/or sale of goods bearing and/or using counterfeits and/or infringements of the Brabus Marks.

e.  Entry of an order requiring Defendants to account to and pay Brabus for all profits earned from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the profit award to Brabus be trebled, and with Plaintiff only being required to prove Defendant's sales, all as provided for under 15 U.S.C. § 1117, or that Brabus be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product type offered for sale or sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

f.  Entry pursuant to 15 U.S.C. § 1117 (a) and (b), and/or the inherent power of the Court, and/or FDUPTA of an award of Brabus' costs and reasonable attorneys' fees and investigative fees, associated with bringing this action, including the cost of corrective advertising.

g.  Entry of an award of pre-judgment interest on the judgment amount.

h.  Entry of an order requiring Defendants, at Brabus' request, to pay the cost necessary to correct any erroneous impression the consuming public may have received or derived concerning the nature, characteristics, or qualities of Defendants' products, including without limitation, the placement of corrective advertising and providing written notice to the public.

i.  Entry of an order for any further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury for all issues so triable.

Dated:  June 7, 2024                     Respectfully submitted,

By: s/    *Lorri Lomnitzer*
Lorri Lomnitzer
Florida Bar No.: 37632
Lorri@Lomnitzerlaw.com
Kelly Ann DeRosiers
Florida Bar No.: 1017878
Kelly@lomnitzerlaw.com
THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Highway, Suite 202
Boca Raton, FL 33487
Telephone: (561) 953-9300
Fax: (561) 953-3455
*Attorney(s) for Plaintiff*