**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-60979-DAMIAN/STRAUSS**

**BRABUS GMBH,**

Plaintiff,
v.

**DREAM AUTO COLLECTION INC. *et al.*,**

Defendants.
________________________________/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Plaintiff's Renewed Motion for Entitlement to Attorney Fees and Costs (the "Motion"). [DE 103]. The Motion has been referred to me to take all action as required by law. [DE 111]. I have reviewed the Motion and all attachments thereto, as well as the record in this case. No response to the Motion has been filed, and the time to file a response has passed. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion [DE 103] be **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

On June 7, 2024, Plaintiff Brabus GmbH ("Plaintiff") filed a complaint against numerous defendants, including Dream Auto Collection Inc. ("DREAM"), for counts of trademark infringement, trademark counterfeiting, trademark dilution, and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). [DE 1]. DREAM was served on or about June 20, 2024, at its principal place of business. [DE 18]. DREAM did not file any response, and a notice of appearance by an attorney was not made on or before the ordered response date for all defendants of August 1, 2024. Plaintiff moved for the entry of a Clerk's Default against DREAM. [DE 35]. On August 2, 2024, the Clerk entered a default against DREAM for failure to appear,

answer, or otherwise respond to the complaint. [DE 36]. The Court ultimately granted Plaintiff's Renewed Motion for Default Final Judgment and Permanent Injunction against DREAM on December 2, 2025. [DE 99]. In doing so, the Court found that Plaintiff had established its entitlement to attorney fees and costs by demonstrating the willfulness of DREAM's infringement as well as its entitlement as the prevailing party pursuant to Fla. Stat. § 501.2105.[1] *Id.* at 3, 11. The Court therefore ordered Plaintiff to file a separate Motion for Attorneys' Fees and Bill of Costs in compliance with Local Rule 7.3. *Id.* at 13.

## ANALYSIS

### I. ATTORNEYS' FEES

Plaintiff seeks a total of $20,310 in attorneys' fees. According to the declaration of Lorri Lomnitzer, *see* [DE 103-1] at 4-5, this total reflects the following hours worked by the following billing individuals at the following rates:

| **Biller** | **Hourly Rate** | **Hours** | **Total** |
|---|---|---|---|
| Lorri Lomnitzer | $475 | 3.2 | $1,520 |
| Jerold Schneider | $475 | 8.2 | $3,895 |
| Kelly Ann desRosiers | $400 | 24.7 | $9,880 |
| Allison Mingo | $400 | 8.6 | $3,440 |
| Various Paralegals | $225 | 7.0 | $1,575 |

When determining the reasonableness of attorneys' fees, courts begin by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Housing Auth. of*

[1] Consequently, although the Motion provides argument regarding entitlement to fees and costs, I do not address entitlement here.

*Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The result of that calculation is known as the lodestar, *see id.* at 1301-02, which is "strongly presumed to be reasonable." *Martinez v. Hernando Cnty. Sheriff's Off.*, 579 F. App'x 710, 715 (11th Cir. 2014) (quoting *Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993)).

The party seeking an award of fees has the burden of documenting the hours incurred and the applicable hourly rates. *Norman*, 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 437). Fee applicants are required to exercise billing judgment and to exclude entries that are excessive, redundant, or otherwise unnecessary. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Hensley*, 461 U.S. at 434). Entries for clerical or administrative tasks should also be excluded. *See Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon v. Cath. Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999))).

It is axiomatic that hours that are unreasonable to bill to one's client are unreasonable to bill to an adversary, "*irrespective of the skill, reputation or experience of counsel*." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). If fee applicants fail to exercise billing judgment, courts must do it for them. *Id.* A court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Courts reviewing fee applications "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Consequently, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)).

**A. REASONABLE HOURLY RATE**

I find that most of the hourly rates sought are reasonable, but two are not. The Court may consider several factors in determining what constitutes a reasonable hourly rate. *See Johnson v. Ga. Highway Express, Inc.* 488 F.2d 714, 717-719 (5th Cir. 1974). Because Plaintiff is seeking an award of attorneys' fees, it has the burden of "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Barnes*, 168 F.3d at 427 (quoting *Norman*, 836 F.2d at 1303). "A reasonable hourly rate is 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" *Id.* at 436 (quoting *Norman*, 836 F.2d at 1299). "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Id.* at 437 (quoting *Cullens v. Ga. Dep't. of Transp.,* 29 F.3d 1489, 1494 (11th Cir. 1994)).

Here, the rates for Ms. Lomnitzer, Mr. Schneider, and Ms. desRosiers are reasonable. Ms. Lomnitzer's declaration establishes that she is the President of her firm, with seventeen years of practicing law within the state of Florida. [DE 103-1] ¶¶ 1, 6. Mr. Schneider has been practicing law consistently throughout the United States since 1970 and has been board-certified in

Intellectual Property Law since 2007. *Id.* ¶ 9. An hourly rate of $475 for attorneys of this level of experience and expertise is reasonable. Similarly, the declaration establishes that Kelly Ann desRosiers has been practicing law for six years. *Id.* ¶ 7. Although more information about Ms. desRosiers' experience and background would have been helpful, an hourly rate of $400 for an attorney with six years' experience, in a complex case involving intellectual property, is also reasonable.

However, the Motion and declaration fail to establish that an hourly rate of $400 is reasonable for Ms. Mingo. The only information provided regarding Ms. Mingo is that she had been practicing law for approximately one year at the time of her services in this case. *Id.* ¶ 8. Without any further information, I cannot find that $400 is a reasonable rate for someone with such little experience. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) ("[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."). Rather, an hourly rate of no more than $300 is reasonable. *See, e.g.*, *Urban v. SB 2028 LLC*, No. 24-60652-CIV, 2026 WL 244651 at *2 (S.D. Fla. Jan. 13, 2026) (awarding rate of $250 per hour to first-year associate); *Button v. McCawley*, No. 24-CV-60911, 2025 WL 3682758 at *5 (S.D. Fla. Dec. 2, 2025) (reducing hourly rate of attorneys with one year experience from $420 to $300 per hour).

Similarly, the requested rate of $225/hour for the three paralegals is not reasonable in light of the prevailing market rate. Rather, recent cases in this district have found significantly lower rates to be the reasonable hourly rate for paralegals in this market – even for paralegals with many years' experience. *See, e.g.*, *Toste v. Beach Club At Fontainebleau Condo. Ass'n, Inc.,* No. 20-CV-23771, 2026 WL 950546, at *4 (S.D. Fla. Mar. 2, 2026) (awarding paralegal rate of $125),

*report and recommendation adopted*, 2026 WL 950558 (S.D. Fla. Mar. 25, 2026); *Gen. Star Nat'l Ins. Co. v. MDLV, LLC*, No. 21-CV-24284, 2024 WL 3994657, at *11-12 (S.D. Fla. Aug. 13, 2024) (reducing hourly rates of paralegals with twenty and thirteen years' experiences from $265 and $255, respectively, to $145), *report and recommendation adopted*, 2024 WL 3983994 (S.D. Fla. Aug. 28, 2024). The Motion seeks the same rate for the work of three different paralegals, even though one (Maggie Sherman) has been working as a paralegal for fourteen years, while the other two have approximately three years' experience each. *See* [DE 103-1] ¶ 10. Since a review of the time records attached to the Motion shows that the vast majority of the 7.0 paralegal hours claimed were expended by Ms. Sherman, *see* [DE 103-2], I find that $145/hour is a reasonable rate.

**B. HOURS REASONABLY EXPENDED**

I find that the number of hours expended are mostly reasonable, with a few limited exceptions. The Motion attached time records describing the hours expended, which, according to Ms. Lomnitzer's declaration, redact out expenses that applied only to the non-DREAM defendants or that were unnecessary or redundant. *See* [DE 103] at 6; [DE 103-1] ¶ 16; [DE 103-2]. My review of the records indicates that the vast majority of the expenses were incurred in preparing the complaint against DREAM and in seeking default final judgment against DREAM. Particularly given that the Motion is unopposed, I find most of these hours reasonable.

However, some of the tasks performed by paralegals amount to clerical or administrative tasks that should be excluded. *See Ortega*, 2017 WL 6026701, at *2 (citing *Spegon*, 175 F.3d at 553). These include calling to follow-up on the status of Plaintiff's motion for default final judgment (10/29/25 for 0.2 hours); e-filing a memorandum of law (5/15/25 for 0.1 hours); providing an amended proposed order to the Court (5/15/25 for 0.1 hours); filing a renewed motion for default final judgment (4/14/25 for 0.2 hours); and preparing exhibits for filing and filing the

Motion for Attorneys' Fees and Costs (0.5 hours).[2] Therefore, I recommend excluding 1.1 hours from the requested paralegal hours.

### C. LODESTAR

In light of the findings above, I calculate the lodestar as follows:

| Biller | Hourly Rate | Hours | Total |
|---|---|---|---|
| Lorri Lomnitzer | $475 | 3.2 | $1,520 |
| Jerold Schneider | $475 | 8.2 | $3,895 |
| Kelly Ann desRosiers | $400 | 24.7 | $9,880 |
| Allison Mingo | $300 | 8.6 | $2,580 |
| Various Paralegals | $145 | 5.9 | $855.50 |
| **TOTAL** | | | **$18,730.50** |

## II. TAXABLE COSTS

Although the Motion itself does not specify the amount of costs Plaintiff seeks, Ms. Lomnitzer's declaration states that "BRABUS has incurred $785.40 in taxable costs pursuant to

[2] Notably, even if these administrative expenses could be recovered, these expenses would have been unnecessary had Plaintiff's first motion for final default judgment [DE 43] (filed on August 30, 2024) adequately provided the Court with all of the information it needed. Instead, Plaintiff needed to file two subsequent versions of its motion for final default judgment, and an additional memorandum of law regarding the injunctive relief it sought, in response to various deficiencies the Court identified. *See* [DE 47, 95, 97]. Although I have considered whether any hours for the substantive work on the motions for default judgment should be excluded as duplicative given the multiple iterations, I ultimately conclude that the only significant additional time billed for the later motions was likely spent providing the additional substance the Court required. In other words, although Plaintiff ideally would have addressed everything the Court needed in its original motion for final default judgment, I cannot conclude that the hours spent researching and preparing the subsequent iterations would not have been expended had Plaintiff addressed all of the Court's concerns in its original motion. Therefore, I only recommend excluding the time for the identified administrative tasks.

28 U.S.C. § 1920, including a filing fee of $405.00 and service of process fee of $85.00." [DE 103-1] ¶ 19. Section 1920 specifically permits the taxation of the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although the Motion is not opposed, "the Court has an independent duty to only award costs which are lawful and justified under federal law." *Richardson v. Fla. Drawbridges Inc.*, No. 21-CV-80803, 2022 WL 3370789, at *1 (S.D. Fla. Aug. 16, 2022). As indicated above, § 1920(1) permits the taxing of "[f]ees of the clerk and marshal." Accordingly, the $405 filing fee Plaintiff paid is clearly taxable under § 1920(1) and should be awarded. Second, fees for service of a summons or subpoena by private process servers are taxable under § 1920(1). *See* 28 U.S.C. § 1921; *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000). However, the service fee charged by a private process server may not exceed the amount charged by the U.S. Marshal. *See W&O*, 213 F.3d at 624. The Marshal charges $65 per hour for each item served (plus travel costs and any other out-of-pocket expenses). 28 C.F.R. § 0.114(a)(3). Therefore, although Plaintiff requests $85 (and their billing records indicate it incurred that amount, *see* [DE 103-2] at 55, the Court should award only $65.

Plaintiff does not explain, in the Motion or Ms. Lomnitzer's declaration, what its remaining costs of $295.40 consist of. Although Plaintiff's billing records are littered with various amounts for printing costs, "PACER research," and other research fees, Plaintiff has not tabulated these items nor shown that they are taxable under § 1920(1) (the only authority to which the Motion cites). Therefore, I recommend that the Court decline to award these costs and rather only award costs of $470 ($405 + $65).

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 103] be **GRANTED IN PART and DENIED IN PART** and that the District Court award Plaintiff attorneys' fees in the amount of **$18,730.50** and taxable costs in the amount of **$470** for a total award of **$19,200.50**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Melissa Damian, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 13th day of October 2026.

Jared Strauss

**Jared M. Strauss**
**United States Magistrate Judge**