**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-60979-CIV-DAMIAN**

**BRABUS GMBH**,

Plaintiff,

v.

**ELITE MOTOR CARS OF MIAMI, LLC (dba AE OF MIAMI), a Florida Limited Liability Company, EMC OF MIAMI, CORP (dba LIMITED SPEC AUTOMOTIVE), a Florida Corporation, WHEELS BOUTIQUE, INC., a Florida Corporation, and DREAM AUTO COLLECTION INC., a Florida Corporation,**

Defendants.
_______________________________________/

**ORDER AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 112]**

**THIS CAUSE** is before the Court on Magistrate Judge Jared Strauss's Report and Recommendation, entered on October 13, 2026. [ECF No. 27 ("Report")].

THE COURT has considered the Report, the pertinent portions of the record, and relevant authorities and is otherwise fully advised.

Plaintiff filed this action on June 7, 2024, asserting claims of trademark infringement, trademark counterfeiting, trademark dilution, and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") against four Defendants. [ECF No. 1]. On August 2, 2024, after Defendant Dream Auto Collection ("Dream") failed to appear in this action, the Clerk entered a default against Dream. [ECF No. 36]. This Court later granted Plaintiff's Renewed Motion for Default Final Judgment and Permanent Injunction against Dream on December 2, 2025. [ECF No. 99]. In the Order granting Default Judgment, this

Court determined that Plaintiff was entitled to entry of an award of attorneys' fees and costs against Dream and directed Plaintiff to file a Motion for Attorneys' Fees and Costs. *Id.* at 3, 11.

On April 20, 2026, Plaintiff filed the Renewed Motion for Entitlement to Attorney Fees and Costs. [ECF No. 103 ("Motion")]. In the Motion, Plaintiff seeks $20,310 in attorneys' fees and $785.40 in costs. *Id.* This Court referred the Motion to Magistrate Judge Strauss for determination pursuant to 28 U.S.C. § 636(b). [ECF No. 111].

On October 13, 2026, Magistrate Judge Strauss issued the Report recommending that the Motion be granted in part and denied in part and recommending that the amount of fees be reduced to $18,730.50 and that the costs be reduced to $470. *See* Report.

The Report advised Plaintiff that it had fourteen days from receipt of a copy of the Report to file written objections. *See id.* at 9. To date, no objections have been filed and the time to do so has passed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de*

*novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with Judge Strauss's well-reasoned findings and thorough analyses and conclusions and agrees with Judge Strauss's recommendation that Plaintiff's Motion be granted in part and that the requested fees and costs be reduced as recommended by Judge Straus.

Accordingly, for the reasons set forth, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation **[ECF No. 112]** is **AFFIRMED AND ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.
2. Plaintiff's Renewed Motion for Entitlement to Attorney Fees and Costs. **[ECF No. 103]** is **GRANTED IN PART and DENIED IN PART**.
3. Plaintiff is entitled to recover $18,730.50 in attorneys' fees, with post-judgment interest accruing from the date of the Final Judgment.
4. Plaintiff is entitled to recover $470 in costs.

It is further

**ORDERED** that Plaintiff's counsel shall take from Defendant Dream the sum of $19,200.50, which is comprised of $$18,730.50 in attorney's fees and $470 in costs, for which sum let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 9th day of November, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Magistrate Judge Jared Strauss